UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-20922-Ungaro

AF HOLDINGS LLC,

    Plaintiff,

vs.

DOES 1 – 31,

    Defendants.
_____/

### PLAINTIFF'S RESPONSE TO JULY 2, 2012, ORDER TO SHOW CAUSE

On July 12, 2012, the Court ordered Plaintiff to show cause with respect to two questions. (ECF No. 28.) First, the Court ordered Plaintiff to explain "why this Court may reasonably rely upon the Plaintiff's usage of geolocation or other technologies to establish the identity of the Defendant(s) and that the Defendant(s) may be found within this district." (*Id.* at 7.) Second, the Court ordered Plaintiff to explain "why, in light of the fact that all of the individuals who have moved to quash reside outside this district, this case should not be dismissed *sua sponte* for improper venue." (*Id.*) Plaintiff respectfully submits this response to the show cause order.

### DISCUSSION

1. **Geolocation reliance question**

The Court may reasonably follow the jurisprudence of a decade's worth of federal court decisions that have relied on Internet Protocol addresses to identify Internet-based infringers. *See, e.g., Sony Music Entertainment, Inc. et al., v. Does 1-40*, No. 04-00473 (S.D.N.Y. Apr. 7, 2004). The Court is correct in its assessment that Internet Protocol ("IP") addresses are not necessarily representative of individual people. Yet, geolocation technology—while imperfect—

is the *only* technology that exists to associate a geographic location with an Internet Protocol address. If the Court rejects the use of geolocation technology, then the Internet—which will soon (if it is not already) become the largest distribution channel for media content—will be lawless with respect to copyrights. Such a result is unsupportable. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928–29 (2005) (citing the concern that "digital distribution of copyrighted material threatens copyright holders as never before").

It bears mentioning that the use of geolocation technology is even supported by pro-piracy groups, such as the Electronic Frontier Foundation. *See* Decl. of Seth Schoen ¶¶ 2, 4, 15–22, *OpenMind Solutions, Inc. v. Does 1–1,295*, No. 3:11-cv-00092-GPM-SCW (S.D. Ill. Mar. 22, 2011), ECF No. 15-2. Both copyright holders, and anti-copyright groups agree that geolocation is a reasonable method to determine the geographic location of an Internet subscriber. Federal courts agree. *See AF Holdings v. Does 1-96*, No. 3:11-cv-03335-JSC (N.D. Cal. Nov. 22, 2011) ("Plaintiff also represents that it has used geolocation technology to trace the IP addresses of each Doe Defendant to California; in other words, Plaintiff has made a prima facie showing of personal jurisdiction over each Doe Defendant."); *see also Digiprotect USA Corp. v. Does*, 2011 WL 4444666 at *1 (S.D.N.Y. Sep. 26, 2011) (stating that "[p]ublicly available software provides basic, or at least presumptive, geographic information about IP addresses").

For the record, Plaintiff's agents used a commercial geolocation database to automatically associate each IP address with a geographic location. Further Plaintiff's agents culled the IP address list for the types of IP addresses referenced in the footnotes of the Court's order. For example, Plaintiff's agents attempted to eliminate the proverbial "coffee shop open wi-fi", proxy servers and other non-consumer IP addresses from the IP address list. Plaintiff's

agent's database provides a list of known proxy servers. Further, the ISP for a given IP address typically can indicate the nature of the underlying Internet account. To the Court's underlying point, Plaintiff's agents exercised every available option to eliminate the possibility of including IP addresses that would resolve to an entity that would be unlikely to further lead to the identity of the actual infringer.

### 2. Venue question

This case should not be dismissed *sua sponte* for improper venue because *sua sponte* dismissal would be inappropriate under the present circumstances. The Court noted the existence of authority within this Circuit that permits a district court to dismiss a suit *sua sponte* for improper venue after giving the parties an opportunity to present their views on the issue. *See* (ECF No. 28 at 3) (citing *Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005)). However, at this stage of the litigation it is impossible for the Court to give the defendants an opportunity to present their views on the issue—as this Circuit's precedent absolutely mandates—because no defendant has been named and served in this matter. *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *8 ("with regard to the putative defendants' jurisdictional, venue, and merits arguments, these positions are without merit because the putative defendants are not named as defendants in this lawsuit, and they may never be named as defendants in this lawsuit."); *First Time Videos, LLC v. Does 1-76*, No. 11-3831 (N.D. Ill. Aug. 16, 2011), ECF No. 38 at *11 ("to the extent that the suit poses questions concerning personal jurisdiction, [the movants'] arguments are once again premature. Without discovery regarding the identity of the various Doe defendants, it is unclear whether the individuals in question are parties to the suit; and even assuming they are parties, I lack sufficient information at this time for evaluating their jurisdictional defenses.").

As noted in the Court's order, the relationship between an infringer and an account holder can be imperfect. At this juncture, the Court has ordered account holders, and not defendants, to weigh in on the venue question. Fundamental notions of due process and standing prohibit a nonparty from usurping the ligation prerogative of an actual party. This includes raising or waiving affirmative defenses. At this stage of the litigation, *sua sponte* inquiries into affirmative defenses are premature. This is particularly true where no apparent defense exists on the face of the face of the complaint. Only three individuals have filed motions to quash, and each of these individuals claim to reside only slightly outside the U.S. District Court for the Southern District of Florida. Under these facts, there is no apparent basis for *sua sponte* dismissing the *entire* case for improper venue.

Respectfully Submitted,

AF Holdings LLC,

Dated July 20, 2012,

By: /s/ Joseph Perea

Joseph Perea (FBN 47782)
Joseph Perea, P.A.
9100 S. Dadeland Blvd, Ste 1500
Miami, FL 33156
Tel: 305-396-8835
Fax: 305-396-8752
E-mail: joperea@perealawfirm.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on July 20th, 2012, we electronically filed a true and correct copy of the foregoing response to order to show cause with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

                                            By: /s/ Joseph Perea
                                            fbn 47782